*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GRANT MANUEL PALMER,

        Defendant-Appellant.

UNPUBLISHED
January 23, 2025
9:40 AM

No. 367685
Gratiot Circuit Court
LC No. 2023-008683-FH

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Defendant was found guilty of domestic violence, third offense, MCL 750.81(2); MCL 750.81(5), following a bench trial. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 46 months to 15 years' imprisonment. Defendant appeals by right, arguing that the admission of other-acts evidence was erroneous and deprived him of his due-process right to a fair trial. We affirm.

## I. BACKGROUND

At the time of the assault on December 7, 2022, defendant lived with his sister, the victim, along with her husband and their adult son. On that day, defendant had been asleep on a couch and when he woke up, the victim testified, defendant was angry and ranting, claiming he had a medical emergency. The victim offered to take him to seek medical attention, although he did not appear to be suffering from a medical emergency at that time, but defendant refused. The victim's son also saw defendant after he had woken up and noticed that defendant was very agitated and pacing around the house. Defendant then went into the kitchen and began slamming things around. The victim followed, asking defendant why he was so angry, and he said that he had a medical emergency but "had no way of getting ahold of anybody."[1] The victim testified that defendant then came towards her, forcefully touched his forehead to her forehead and said, "what, what

---

[1] On cross-examination, the victim testified that defendant, a diabetic, said that his blood sugar had dropped—that was the medical emergency.

what," while pushing her back. Defendant was "so angry." She told him that she was not afraid of him and defendant pushed her, causing her to fall back against the kitchen sink counter. She then "immediately came forward" and had her "arms up to either defend or protect." Defendant then took her by her left arm and spun her, and when she spun, she fell to the ground and "went head over heels through the kitchen." That is, she went down to her knees, head first, and actually rolled head over heels. The victim recalled laying on the floor and defendant coming toward her, but her son intervened, punching defendant in the eye and then grabbing him into a bear-hug. The victim got up off of the floor and was "engaged in wrestling around" with her son and defendant, when her husband came into the room and "bull-rushed" them, pushing them all to the ground. The victim's husband then called the police. The three of them waited outside for the police to arrive, while defendant remained inside the home.

At the bench trial, the prosecution called defendant's estranged wife to testify about a prior incident of domestic violence that occurred in October 2014. During her testimony, defense counsel interposed an objection, arguing that the other-acts evidence was more prejudicial than probative because the incident to be testified about was substantially different than what allegedly occurred in this case. The trial court overruled the objection, holding that the evidence was admissible under MCL 768.27b. Although the prior instance of domestic violence had slightly different facts, the court noted, the testimony remained highly relevant such that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice or confusion of the issues in this bench trial.

Defendant's wife testified that on October 13, 2014, when she returned home from work, defendant was "upset and agitated" and was wearing a leather belt with three guns attached, which was pretty common for him at that time. Defendant instructed her to sit on a couch—while he remained standing—and was complaining about people he wanted to harm, "from strangers to neighbors." He then directed his anger at her, pulled out one of his guns, and pointed it at her. He told her that he wanted to kill her. Defendant also had a loaded crossbow pointed toward the couch where she was seated, and defendant let her "know that it was ready to be shot." Defendant kept indicating to her that he was upset with her and, when he had turned around, she took that opportunity to run toward the side door in an attempt to leave the house. But defendant ran after her and pushed her so that she fell down the landing steps. Defendant then picked up a boat oar that was nearby and began swinging it at her. She lifted her hands to block the blows and he hit her hand with the oar but she was able to leave out the side door.

Ultimately, defendant was convicted as charged and this appeal followed. The single issue raised on appeal challenges the trial court's decision to allow defendant's estranged wife to testify about the prior incident of domestic violence on the ground that this other-acts evidence was more prejudicial than probative. We disagree.

## II. STANDARD OF REVIEW

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes." *People v Thorpe*, 504 Mich 230, 251-252; 934 NW2d 693 (2019) (quotation marks and citations omitted). "A trial court necessarily abuses its discretion when it admits evidence that is inadmissible as a matter of law." *People v Felton*, 326 Mich App 412, 420; 928 NW2d 307 (2018) (quotation marks and citation omitted). Questions of law, such as if a rule of evidence or statute precludes admission of the evidence, are reviewed de novo. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010).

## III. ADMISSION OF OTHER-ACTS EVIDENCE

Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1).[2] However, evidence of other acts of domestic violence is admissible under MCL 768.27b, which provides in part:

> (1) Except as provided in subsection (4),[3] in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403. [MCL 768.27b(1).]

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "The language of MCL 768.27b clearly indicates that trial courts have discretion to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403." *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (quotation marks and citations omitted). MRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This Court in *Cameron* explained the two-step inquiry under the balancing test of MRE 403:

> First, this Court must decide whether introduction of [defendant's] prior-bad-acts evidence at trial was unfairly prejudicial. Then, this Court must apply the balancing

---

[2] The Michigan Rules of Evidence have been substantially amended, effective January 1, 2024. We apply the rules in effect at the time of defendant's bench trial.

[3] MCL 768.27b(4) provides that, with certain enumerated exceptions, evidence of an act occurring more than 10 years before the charged offense is inadmissible under the statute.

test and "weigh the probativeness or relevance of the evidence" against the unfair prejudice. Upon completion of this second inquiry, this Court can determine whether the trial court abused its discretion in allowing [defendant's] prior bad acts into evidence. [*Cameron*, 291 Mich App at 611 (citation omitted).]

"[E]vidence of domestic violence can be admitted at trial because a full and complete picture of a defendant's history . . . tend[s] to shed light on the likelihood that a given crime was committed." *Id.* at 610 (quotation marks and citation omitted; second and third alterations in *Cameron*). " '[U]nfair prejudice may exist where there is a danger that the evidence will be given undue or preemptive weight by the jury or where it would be inequitable to allow use of the evidence.' " *People v Lowrey*, 342 Mich App 99, 109-110; 993 NW2d 62 (2022), quoting *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).

Our Supreme Court has provided guidance on what considerations may lead a trial court to exclude evidence under MRE 403 as overly prejudicial, despite being otherwise admissible under a similar statute, MCL 768.27a[4]:

> These considerations include (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive. [*People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012) (citations omitted).]

"While the factors are important tools that may 'inform a court's decision' to admit or exclude other-acts evidence, they do not supersede the standard plainly provided in MRE 403 itself." *People v Hoskins*, 342 Mich App 194, 203; 993 NW2d 48 (2022) (citation omitted). But, as the *Watkins* Court noted with respect to MCL 768.27a, here, when applying MRE 403 to evidence admissible under MCL 768.27b, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. To do otherwise would be "to resurrect MRE 404(b)," contrary to Legislature's intention as set forth in the statute's plain language. *Id.* at 486. In other words, that such evidence may permit a jury to draw a propensity inference does not mean the other-acts evidence must be excluded under MRE 403 as overly prejudicial. *Id.* at 487. "[E]nsuring that the probative value of other-acts evidence is not outweighed by the danger of 'confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence' is a responsibility left to the trial court's discretion." *Id.* at 489-490, citing MRE 403.

---

[4] MCL 768.27a similarly provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant."

Again, we must apply the MRE 403 balancing test of probativeness against the danger of unfair prejudice. *Cameron*, 291 Mich App at 611. The other-acts evidence in this case was highly probative because it tended to show that the victim, her husband, and her son were testifying truthfully about defendant's conduct, as defendant had previously committed similar conduct. See *id*. This was a bench trial and the significant probative value of the evidence was not outweighed by the danger of unfair prejudice. The crimes were both acts of domestic violence involving similarly angry, violent, and explosive intentional conduct. Both victims were female, defendant's aggressive conduct was irrational and completely unprovoked, and defendant became physically abusive in both instances. The time frame between the acts was within the 10-year statutory limit of MCL 768.27b(4), and during the majority of the intervening time, defendant was incarcerated, making reoffending difficult. The other-acts evidence was reliable, as defendant was convicted of the offense. Despite defendant's argument, that the testimony of his estranged wife was needlessly cumulative because three witnesses testified to what occurred in the instant offense, we note that defendant challenged the accuracy and veracity of those witnesses' testimony. For example, regarding the subject incident, he argued that the three witnesses testified to a different sequence of events and, because of their alleged inconsistencies in testimony, it was impossible for the trial court to find beyond a reasonable doubt that defendant had acted in the manner alleged by the prosecution. Thus, the other-acts testimony provided by defendant's estranged wife cannot be deemed to be needlessly cumulative evidence where the defendant attacked the credibility of the other three witnesses. See *Watkins*, 491 Mich at 487-488. Although the other-acts evidence was prejudicial, it was not *unfairly* prejudicial, and its probative value outweighed the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion by admitting the testimony of defendant's estranged wife.

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace